Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

3600000000

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

_____ Division

FILED _____ LODGED
_____ RECEIVED

**AUG 22 2022**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

| | | |
|---|---|---|
| Pro se  Nels Christianson | ) ) ) | Case No.  22 cv 5612 BHS |
| | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) ) | |
| *Plaintiff(s)* | ) | Jury Trial: *(check one)*  ☐ Yes  ☑ No |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) | |
| -v- | ) ) | |
| Washington State University | ) ) ) | |
| _____ | ) ) ) | |
| *Defendant(s)* | ) ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Nels Christianson |
| Street Address | 1725 18th Ave SE |
| City and County | Olympia     Thurston County |
| State and Zip Code | Washington     98501 |
| Telephone Number | (360) 870-8176 |
| E-mail Address | Nels.Christianson@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Washington State University |
| Job or Title *(if known)* | |
| Street Address | P.O. Box  641014 |
| City and County | Pullman     Whitman  County |
| State and Zip Code | Washington     98064-1014 |
| Telephone Number | (509) 335-3564 |
| E-mail Address *(if known)* | www.wsu.edu |

Defendant No. 2

| | |
|---|---|
| Name | DOE #1 |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | DOE #2 |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | DOE #3 |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

C.    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Washington State University Energy Program |
| Street Address | 905 Plum Street SE |
| City and County | Olympia      Thurston County |
| State and Zip Code | Washington      98504-3165 |
| Telephone Number | (360) 956-2000 |

II.    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Other federal law *(specify the federal law)*:

☐  Relevant state law *(specify, if known)*:

☐  Relevant city or county law *(specify, if known)*:

III.   **Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☑   Termination of my employment.

☐   Failure to promote me.

☐   Failure to accommodate my disability.

☐   Unequal terms and conditions of my employment.

☐   Retaliation.

☐   Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

October, November, and December of 2021

C.   I believe that defendant(s) *(check one)*:

☐   is/are still committing these acts against me.

☑   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐   race   _____

☐   color   _____

☐   gender/sex   _____

☑   religion   Other

☐   national origin   _____

☑   age *(year of birth)*   1953   *(only when asserting a claim of age discrimination.)*

☐   disability or perceived disability *(specify disability)*   _____

E.   The facts of my case are as follows.  Attach additional pages if needed.

For a summary statement, refer to the added section: Summary Statement.

For more detailed facts, refer to the added section:  Background Facts.

For the charges filed with EEOC, refer to Exhibit #13.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Refer to Exhibit #14 for the Right to Sue notification.
See also the added section: Exhaustion of Administrative Remedies.

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☑   issued a Notice of Right to Sue letter, which I received on *(date)*   05/27/2022

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Refer to the added section:  Request for Relief.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   22 Aug 22

Signature of Plaintiff

Printed Name of Plaintiff   Nels Christianson

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**Summary Statement**

Plaintiff had been employed by the defendant since 1995. He has maintained excellent annual reviews, and excellent working relations with fellow employees and administrative personnel.  The plaintiff claims that the defendant violated the plaintiff's freedom of religious rights as guaranteed in the first amendment of the US Constitution as well as Title VII of the Civil Rights Act of 1964.

Claim #1
Religious discrimination is the primary claim against the defendant.  The defendant made religious accommodation for other employees within the plaintiff's workplace but would not make similar accommodation for the plaintiff. Further, the defendant expressed that the reason for the plaintiff's termination was due to the plaintiff's beliefs.

Claim #2
Age discrimination is also claimed against the defendant as per 29 USC Ch. 14 Et seq.  At least two of the employees who were granted religious accommodation are significantly younger than the plaintiff.

This discrimination - whether it is religious, age, or both - resulted in the termination of the plaintiff's employment.  The plaintiff is aware that through discovery other statutes may be involved such as 18 USC 241 and 18 USC 242 where WSU employees may have colluded to deny the plaintiff his Constitutional right to be free from religious and age discrimination.

1

2                              **BACKGROUND FACTS**

3

4  Definitions and terms of reference used throughout this complaint.

5  **WSU –** Washington State University.

6  **WSUEP** – Washington State University Energy Program (an extension campus of

7  WSU's College of Agricultural, Human, and Resource Science).

8  **HRS** – Human Resource Services department of WSU.

9  **Dr. Koenig** – WSU's Dean of College of Agricultural, Human, and Resource

10  Science (CAHNRS), Dr. Richard Koenig.

11  **Dr. Chilton** – WSU's Provost and Executive Vice President, Dr. Elizabeth

12  Chilton.

13  **Phil Weiler** – WSU's Vice President for Marketing and Communications

14  **WSHRC –** Washington State Human Rights Commission

15  **EEOC –** Equal Employment Opportunity Commission

16

17        *       *       *       *       *

18

19  1. Plaintiff was hired by Defendant in 1995 to work as a
    software developer for the "Washington State University

20  Energy Program (WSUEP). Throughout the ensuing years,

21  plaintiff worked on many different projects and initiatives.

22  He had excellent annual reviews and maintained excellent

23  working relations with WSUEP administrative staff and all

24  WSUEP employees.

25

26  2. In mid-August 2021, WSU issued a proclamation that all
    faculty, staff, and students must be "vaccinated" against

27  Covid-19 by October 18, 2021 as per the state governor's

28

mandate 20-14.2 or obtain a valid religious exemption. [Exhibit 1]

(Note: The governor's mandate allows for religious accommodation as per Title VII of the Civil Rights Act. A person does not need to "request an exemption". Rather, once a religious conflict is declared the employer is obligated make an effort toward accommodation or demonstrate that such accommodation constitutes an undue hardship.)

3. On October 4, 2021, plaintiff submitted a religious exemption request via WSU's website. In that submission plaintiff explained the conflict between plaintiff's strongly held religious beliefs and WSU's vaccine policy. [Exhibit 2]

4. On October 7, 2021, WSU's HRS requested clarification of the conflict. They asked for clarification on "… how receiving the COVID-19 vaccine conflicts with your overall system of belief..."   [Exhibit 3]

5. On October 11, 2021, plaintiff provided the clarification to WSU's HRS.  [Exhibit 4]

6. On October 14, 2021 WSU denied an exemption stating, "...the University did not find that the vaccine requirements conflicts with a sincerely held religious belief, practice, or observance in your case."  [Exhibit 5]

7. On October 18, 2021,  plaintiff received a "Notice of Charges" from Dr Koenig,  He explained that I had not

obtained a valid religious exemption and, therefore, was no
longer eligible for work at WSU. [Exhibit 6]

8. On October 21, 2021, As per the Notice of Charges, plaintiff
sent an appeal to Dr Koenig explaining that the defendant
was (wrongly) interpreting my religious beliefs and that
they had failed to engage me in dialogue about making
accommodation for my beliefs as per Title VII of the Civil
Rights Act. [Exhibit 7]

9. On November 3, 2021, Dr Koenig sent a notice that
plaintiff's employment was terminated. Referring to
plaintiff's notice of October 21, 2021, Dr Koenig
acknowledged that making accommodation "was not even
considered". Dr Koenig also wrote that the termination
decision could be appealed to the university's provost, Dr.
Chilton. [Exhibit 8]

10.    On November 16 2021, plaintiff sent a letter of appeal
to the provost, Dr. Chilton. In that appeal, plaintiff
attempted to further clarify the conflict between
plaintiff's beliefs and WSU's vaccination mandate.
[Exhibit 9]

11.    On December 14, 2021, Dr. Chilton upheld the
termination stating that WSU had done nothing wrong. First,
WSU misinterprets the plaintiff's strongly held beliefs.
Then, WSU claims accommodation isn't necessary because they
(errantly) perceive no conflict between the vaccine mandate
and their interpretation of the plaintiff's beliefs.
[Exhibit 10]

12.     Dr. Chilton refers to the university denying a
religious "exemption/accommodation".  This is misleading as
Title VII does not refer to "exemptions".  Title VII refers
only to an employer's obligation to show due diligence
toward making accommodation. But Dr. Koenig wrote that
making accommodation was "...not even considered". And Dr.
Chilton obviously agrees stating that WSU has done nothing
wrong.  [Exhibit 8] and [Exhibit 10]

13.     Before being terminated, the plaintiff had private
conversations with fellow employees of WSUEP.  In those
conversations, plaintiff learned that the defendants had
made religious accommodation for at least two other
employees of WSUEP.  Both of those employees are
significantly younger than the plaintiff.  Both of those
employees also have significantly more people-to-people
interaction for their work than does the plaintiff.

14.     With the hope of avoiding a lawsuit, on April 5, 2022,
plaintiff issued a written complaint and demand for
compensation to WSU.     [Exhibit 11]

15.     The complaint and compensation demand was rejected by
WSU in their letter to plaintiff dated April 28, 2022.
[Exhibit 12]

16.    On or about December 15, 2021, plaintiff filed a case
with the Washington State Human Rights Commission/EEOC
alleging that WSU had committed both religious
discrimination and age discrimination.  WSHRC/EEOC accepted
the case.
[Exhibit 13]

17.    The plaintiff requested and received a Right to Sue
status from the EEOC on 27 May 2022.    [Exhibit 14]

1

EXHAUSTION OF ADMINISTRATIVE REMEDIES

2

3  Since the announcement by the defendant that all faculty, staff, and students

4  at the university must be vaccinated, the plaintiff has opposed the policy.

5  Within the communications, there exists an overarching discrepancy in the

6  language used by the defendant and the plaintiff.  The defendant refers to

7  "requesting an exemption" where the plaintiff is "providing notice of a

8  religious conflict" and "clarification".

9

10  Title VII does not refer to exemptions.  Rather it refers to employees giving

11  notice and an employer's obligations to make accommodation if possible.

12

13  The following is a synopsis of steps taken by the plaintiff to find a remedy

14  for this situation:

15     • The plaintiff gave notice of a conflict between his beliefs and the

16       university's policy.

17     • The defendant asked for clarification.

18     • The plaintiff provided a clarifying statement.

19     • The defendant rejected the clarification and thus did not "grant an

20       exemption".

21     • The defendant charged the plaintiff as non-compliant with the mandate.

22     • The plaintiff submitted an appeal of the charges to the dean.

23     • The Dean sent a notice of termination.

24     • The plaintiff appealed the termination to the Provost and gave notice

25       of intent to pursue legal action.

26     • The Provost upheld the termination.

27     • The plaintiff sent a letter of demand and compensation to the

28       defendant.

1    • The letter of demand was rejected by the defendant.

2    • A case was filed with the WSHRC who referred the case to the EEOC.

3    • A notice of withdrawal and Right to Sue was provided on May 27, 2022.

4

5    Each step outlined above was taken in a respectful and timely manner.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR RELIEF**

DAMAGES

Plaintiff was a member of the WSUEP team working on a project mandated by the Washington state legislature.  That project ends in 2025 at which time the plaintiff was planning to retire.  (Refer to Washington State Senate Bill SB5939.)

The plaintiff's abrupt termination has caused much emotional vexation, aggravation and duress. In addition, the termination resulted in the loss of about 3 years of salary that he would have otherwise earned.   The plaintiff's annual salary at the time of termination was $87,137.76.

The plaintiff seeks relief of $261,413.28 for 3 years annual salary lost.

PUNITIVE

On three separate occasions, the plaintiff has volunteered to serve the United States in an overseas capacity.  On each of those occasions, the plaintiff has sworn an oath to defend and protect the Constitution of the United States. The plaintiff is extremely vexed and aggravated that an institution of higher education within the US would so quickly abandon the ideals embodied in the Constitution and our Bill of Rights.

The background facts and the exhibits provided in this complaint demonstrate an intention by the defendant to deny religious accommodation to the plaintiff.  They used their own interpretation of the plaintiff's beliefs to

1  determine whether or not those beliefs would allow medical interventions.

2  Using their own (mis)interpretation, the defendant then claimed that they had

3  no reason to even consider making accommodation.

4

5  Title VII does not task an employer with understanding an employee's religious

6  beliefs.  Title VII only requires the employer make reasonable accommodation.

7  The defendant admits that they made no attempt to accommodate.

8

9  The plaintiff feels strongly that a punitive consequence of significant import

10  is warranted such that the defendant will abstain from further Constitutional

11  and Congressional Law violations.

12

13

14  The plaintiff seeks $1,000,000.00 as punitive relief.

15

16  OTHER

17  Other relief as the court deems appropriate.

18

19

20  The plaintiff respectfully requests that the Court enter judgment in his favor

21  and against the Defendant.

22

23

24

25

26

27

28

**EXHIBIT #1 – President Schultz mandate     (Page 1 of 1)**

WASHINGTON STATE UNIVERSITY
# COVID–19 Updates

**Wednesday, August 18:**

[x] Right-click

## Gov. expands vaccine mandate, institutes new mask requirements

Washington Governor Jay Inslee announced today that he will require all school employees in the state, including those working at colleges and universities, to be fully vaccinated against COVID–19 by Oct. 18. In addition, he reintroduced a state–wide mask mandate, regardless of an individual's vaccination status, in response to the surging Delta variant of the SARS–CoV–2 virus.

Under the governor's newly expanded vaccine requirement, full vaccination by Oct. 18 will be considered a condition of employment. The mandate will allow for medical and religious exemptions but does not include personal or philosophical exemptions.

Governor Inslee is also requiring that masks be worn by all people over the age of five while indoors in public spaces. The state–wide mask mandate goes into effect on Monday, Aug. 23.

The Washington State Department of Health maintains a vaccine locator website to help unvaccinated individuals find convenient locations to receive the free immunization.

WSU will update its COVID–19 policies to reflect these new state mandates. For the latest information on WSU's COVID–19 requirements, visit the WSU COVID–19 Recovery Guidance website.

**EXHIBIT #2 – Religious Statement     (Page 1 of 2)**

WASHINGTON STATE UNIVERISTY
RELIGIOUS EXEMPTION REQUEST FORM
PROCLAMATION 21-14.1 (COVID-19 VACCINE REQUIREMENT)

Washington State University will provide reasonable accommodations to qualified applicants and employees with sincerely held religious beliefs, practice, or observance that conflict with job requirements, unless providing such accommodations would pose an undue hardship.

**Instructions for employees:**

Initiate request for religious accommodation in Workday. For instructions on completing the COVID-19 Vaccination Verification in Workday refer to COVID-19 Vaccination Verification for Workers.

Below are initial intake questions for you to respond to in requesting a sincerely held religious beliefs, practice, or observance exemption pursuant to Proclamation 21-14.1.

Claiming an exemption/accommodation based on false, misleading, or dishonest information is grounds for disciplinary action up to and including termination from employment.

Complete and return to Human Resource Services, Pullman, WA, no later than October 4, 2021.   To avoid delay, you may submit the form by fax to: 509-335-1259 or email to hrs.exemptions@wsu.edu.    If you have any questions or need more information, please do not hesitate to contact your HRS Service Team.

**Questionnaire:**

1. Employee Name (Print): Nels Christianson
   WSU ID#              : 010197398

2. Describe the sincerely held religious belief, practice, or observance that is the basis for your request for a religious exemption/accommodation to WSU's COVID-19 vaccination requirement.
   I, Nels Christianson, through my spiritual beliefs and as a manifestation of the Almighty Creator, declare that I am imbued with the sole responsibility of managing my body and my health.   In that capacity, I vigorously and strenuously object to any and all mandated COVID-19 medical interventions: injections, masks, testing, distancing, isolating, etc.

3. Briefly explain how your sincerely held religious belief, practice, or observance conflicts with WSU's COVID-19 vaccination requirement.

   n/a

4. How long have you held the above religious belief, practice, or observance?

   n/a

Christianson v WSU                    EXHIBITS                    Page 2  of  21

**EXHIBIT #2 – Religious Statement    (Page 2 of 2)**

WASHINGTON STATE UNIVERISTY
RELIGIOUS EXEMPTION REQUEST FORM
PROCLAMATION 21-14.1 (COVID-19 VACCINE REQUIREMENT)

5.  If you have ever received a FDA authorized or approved vaccine at any time in your life, please explain how your sincerely held religious belief, practice, or observance causes you to object to the COVID-19 vaccine compared to other vaccines you received.

    n/a

6.  If the request for accommodation is temporary, please identify the anticipated date the accommodation is no longer needed: _____
    n/a

Washington State University may need to obtain additional follow up information about your strongly held religious belief(s) and/or discuss reasonable accommodations to WSU's COVID-19 vaccination requirement. Human Resource Services will reach out to you if additional information is needed to process this request.

I certify that I have read and understand the information provided in this request, and that I have truthfully completed it based on my knowledge, information, and belief. I understand that it is illegal to claim an exemption/ or accommodation on false, misleading, or dishonest grounds, including by providing false, misleading, or dishonest information when seeking an exemption/accommodation, and that any violations will be subject to appropriate legal enforcement and/or discipline.

_____
Employee Signature

4 OCT 2021
_____
Date

Christianson v WSU                    EXHIBITS                    Page 3  of  21

## Exhibit #3 – Clarification Request     (Page 1 of 1)

| | ↩ Reply | ↩ Reply All ∨ | → Forward | ☑ Archive | ⌀ Junk | 🗑 Delete | More ∨ |

From HRS Exemptions <hrs.exemptions@wsu.edu> ☆

Subject **Request for Clarifying Information | COVID-19 Vaccination Exemption Request**    10/7/2021, 5:50 PM

To Christianson, Nels M <christiansonn@wsu.edu> ☆

CAUTION: This message originated from an external source.

Good Afternoon,

The Religious Exemption Request Form you submitted for exemption from the COVID-19 vaccine was carefully reviewed. We are requesting you submit additional detail to explain how your sincerely held religious belief prevents you from being vaccinated against COVID-19.

Please submit clarifying information about how receiving the COVID-19 vaccine conflicts with your overall system of belief to hrs.exemptions@wsu.edu or by fax to: 509-335-1259 by October 11, 2021. We encourage you to submit additional information as soon as possible to allow ample time for review and consideration of your requested accommodation.

Human Resource Services, Washington State University
French Administration Building, Room 139 | Pullman, WA 99164-1014
(509) 335-4521 | Fax (509)-335-1259

Main hrs.wsu.edu | Jobs wsu.edu/jobs
🅕 🅘 🅞 wellcoug

Christianson v WSU                    EXHIBITS                    Page 4 of 21

**EXHIBIT #4 – Clarification Response    (Page 1 of 1)**

TO:
Human Resource Services, Washington State University
French Administration Building, Room 139
Pullman, WA 99164-1014
(509) 335-4521 | Fax (509)-335-1259

FROM:
Nels Christianson
ID:

DATE:
October 11th, 2021

RE:
Your "Request for Clarifying Information" email sent to me Thursday, October 7th, 2021 at 5:51 PM.


You request that I "submit additional detail to explain how [my] sincerely held religious belief prevents [me] from being vaccinated against COVID-19."

As my religious belief clearly states, I am the sole person who has the responsibility for my body and my health choices.  Your mandate removes my agency to choose and is, therefore, a direct violation of my beliefs.

Signed: _Nels Christianson_     Date: _11 OCT 21_

**EXHIBIT #5 – HRS Exemption denied    (Page 1 of 1)**

From HRS Exemptions <hrs.exemptions@wsu.edu> ☆

Subject **OFFICIAL NOTICE: Religious Exemption Denied | Christianson**                            10/14/2021, 3:38 PM

To Christianson, Nels M <christiansonn@wsu.edu> ☆

Cc Riggs, Sheila Lynn <slriggs@wsu.edu> ☆, McCracken, Vicki A <mccracke@wsu.edu> ☆ **1 more**

CAUTION: This message originated from an external source.

Dear Nels,

You submitted a request for an exemption to the COVID-19 vaccination requirement as mandated by Governor Inslee's proclamation 21-14.2. This notification confirms that we are **unable to approve your request** for an exemption based on a sincerely held religious belief, practice, or observance. We would like to provide additional information on the review process in an effort to clarify your exemption denial and the University's approach to each individual request.

Under the proclamation, the University is legally prohibited from allowing workers to engage in work after October 18, 2021, if they are not fully vaccinated against COVID-19, with limited exceptions. One exception is if a worker has an approved religious accommodation and is thereby exempt from the vaccine requirement. To qualify for an approved religious exemption from the vaccine requirement:

- A worker must explain how the vaccine requirement conflicts with their sincerely held religious belief, practice or observance; *and*
- Must be able to accommodate the unvaccinated worker without undue hardship.

Based on the information you provided, the University did not find that the vaccine requirements conflicts with a sincerely held religious belief, practice, or observance in your case.  The reasons for denying your request include, but are not limited to, your failure to establish that your belief conflicts with the vaccine requirement.

Your contributions to your department and the University are valued and we encourage you to get vaccinated to protect yourself and our community. As a condition of continued employment, you must be fully vaccinated by October 18, 2021. Failure to be fully vaccinated by October 18, 2021, subjects you to separation from the University in compliance with relevant employment policies and labor contracts. Limited exceptions may apply for those who are in the process of being vaccinated.

We hope this information helps you understand how the University individually evaluated your request.

Sincerely,


Human Resource Services, Washington State University

French Administration Building, Room 139 | Pullman, WA 99164-1014

(509) 335-4521 | Fax (509)-335-1259


Main hrs.wsu.edu | Jobs wsu.edu/jobs


**Exhibit #6 – Notice of Charges    (Page 1 of 1)**

 WASHINGTON STATE UNIVERSITY

Office of the Dean
COLLEGE OF AGRICULTURAL, HUMAN, AND NATURAL RESOURCE SCIENCES

Electronic Delivery and Regular Mail

October 18, 2021

Nels Christianson
1725 18th Ave SE
Olympia, WA 98501

RE: Notice of Charges

Dear Mr. Christianson:

This letter is to notify you I am considering disciplinary action, up to and including termination for cause, from your position as an *Application Systems Analyst/Developer* in *the Energy Program* within WSU Extension for your failure to provide proof of the COVID-19 vaccination by October 4, 2021 or receive an approved religious or medical exemption.

As you know, Washington State University (WSU) required all employees to provide proof of the COVID-19 vaccination or request a medical or religious exemption as a condition of employment, consistent with the State of Washington Governor's Proclamation 21-14.2.

You requested a religious exemption, but it was denied for the reasons set forth in the October 14, 2021 OFFICIAL NOTICE: Religious Exemption Denied | Christianson e-mail. Therefore, based on your representations you will not be fully vaccinated by October 18, 2021 and will not be able to engage in work thereafter.

In accordance with Washington State University's *Administrative Professional Handbook,* you have ten (10) working days to respond to the notice of charges. Your written response must be received by me no later than November 1, 2021 at 4 PM. I will consider any timely written response prior to making my final decision.

Because of your vaccination status, effective October 19, 2021, you are prohibited from working and must take vacation leave, personal holiday or leave without pay.

The Administrative Professional Handbook may be accessed electronically: hrs.wsu.edu/ap-handbook.

Sincerely,

*Rich T. Koenig*

Dr. Rich Koenig
Interim Dean, CAHNRS

cc:    CAHNRS File
       HRS Employment Service

421 Hulbert Hall, PO Box 646242, Pullman, WA 99164-6242
509-335-4561 | Fax: 509-335-1065 : cahnrs.deans@wsu.edu | cahnrs.wsu.edu

## Exhibit #7 – Response to Charges    (Page 1 of 2)

October 21, 2021

Mr. Koenig and others,

I received your letter of October 18, 2021 containing a Notice of Charges document wherein you inform me that I am not authorized to work as of 19 October, 2021. I am sending this letter to request further explanation.

### Timeline

On October 4, 2021, I provided WSU with a legal, religious exemption notification.

On October 7, 2021, WSU requested further clarifying information concerning my religious exemption notification.

On October 11, 2021, I provided WSU with the requested clarification of my sincerely held religious beliefs.

On October 14, 2021, WSU notified me that WSU is unable to approve my request for an exemption.
On October 18, 2021, you sent me a Notice of Charges document.

### Reasons for Denial

WSU's letter dated October 14, 2021 states, *"The reasons for denying [my] request include, but are not limited to, [my] failure to establish that [my] belief conflicts with the vaccine requirement."*

Yet, in both my initial notification and my clarification I do address that conflict. Namely, my sincere belief that the Almighty Creator charges me with the sole responsibility of my health. Health choices are mine and mine alone.

In your denial of my notification, you state that my sincerely held religious beliefs are not in conflict with vaccine requirements. That is your interpretation. My sincerely held religious beliefs about the Almighty Creator and my relation to that creator are mine to interpret, not yours. Whether or not you have the capacity to understand them or their relation to any medical intervention is irrelevant to the notification.

### Accommodation

Title VII of the Civil Rights Act of 1964 says that, once you have received my notification, you have the duty to engage in a dialogue to assess the burden of accommodation. That has not been done.

As well, the second bullet point of the October 14, 2021 letter pertains to this issue of assessing accommodation without undue hardship [to the employer]. There has been no dialogue between us about accommodation. I didn't address the issue because no special accommodation is necessary. I have been working for years in an environment that does not pose a risk to fellow workers nor to the public.

Christianson v WSU                    EXHIBITS                    Page 8 of 21

## Exhibit #7 – Response to Charges    (Page 2 of 2)

As to WSU's ability to accommodate my situation, I refer to Phil Weiler, WSU's vice president for marketing and communications. In a Seattle Times front page article (Sunday October 17, 2021) he discusses how WSU assesses religious accommodations. He states,

> "Let's say you are an accountant and you have your own office, with a door that closes, and you don't interact with the public or even coworkers on a regular basis. You could argue that individual could continue to do his or her job with the door closed, and wearing a mask whenever coming into contact with people. And you could probably make accommodation to allow them to continue to work unvaccinated."

As a computer analyst-programmer, my normal work environment is my own small office with a door that is often closed for long periods. I may go several days at a time without having any other person entering my office at all. There are no special accommodations necessary on WSU's part because the long-standing, existing work environment already provides both public safety and allows me to continue my work.

### Discrimination

Through the Seattle Times article, Weiler broadcasts to the world the type of situation that WSU could easily accommodate. My work situation is nearly identical to Weiler's example. Yet, I am denied. Why?

Finally, I have had communications with other staff in this office who have had their religious exemption accommodations accepted. Their work typically involves more person to person interaction than does my work. That you would accept their religious exemption accommodations and not accept my religious exemption accommodation feels quite discriminatory.

Please provide me with justification about your choices to discriminate against my religious beliefs and your decision to not engage in further dialogue regarding my exemption, including the possibility of accommodations under the Civil Rights Act of 1964.

Sincerely,
Nels Christianson

**Exhibit #8 – Notice of Termination     (Page 1 of 2)**

 WASHINGTON STATE
UNIVERSITY

Office of the Dean
COLLEGE OF AGRICULTURAL, HUMAN, AND NATURAL RESOURCE SCIENCES

REGULAR and CERTIFIED MAIL

November 3, 2021

Nels Christianson
1725 18th Ave SE
Olympia, WA 98501

RE: Termination

Dear Mr. Christianson:

I have reviewed the Notice of Charges dated October 18, 2021 and received the written response sent via email on October 21, 2020 and via certified mail on November 2, 2021, which you dated October 30, 2021. Washington State University (WSU) required all employees to provide proof of the COVID-19 vaccination or receive an approved medical or religious exemption by October 18, 2021, as a condition of employment, consistent with the State of Washington Governor's Proclamation 21-14.2. As you note, the University denied your request for a religious exemption on October 14, 2021, because you failed to establish that your religious belief conflicted with the vaccination requirement; for this reason, accommodations were not considered. Nothing contained in your response casts doubts on this determination.

Consequently, as of today's date, you have not provided proof of vaccination or an approved exemption. As a result, you are not qualified for your position and are prohibited under the proclamation from performing work. Therefore, you are hereby separated from your employment effective Wednesday, November 3, 2021.

**Exhibit #8 – Notice of Termination    (Page 2 of 2)**

In accordance with Washington State University's *Administrative Professional Handbook*, you have the right to appeal your termination. Filing an appeal will not affect the notice of termination or extend your appointment.  The appeal must be in writing and must be received by Dr. Elizabeth Chilton, Provost & Executive Vice President (10) working days after the date of this notice of termination.  You may submit additional written material to Dr. Chilton for her consideration.  The Provost has the discretion to allow oral statements.  If you wish to give an oral statement, please make your request to Dr. Chilton as soon as possible.  The Provost shall render a final decision within thirty (30) working days of receipt of the appeal.  The decision shall be the final decision of the University.

The *Administrative Professional Handbook* may be accessed electronically: hrs.wsu.edu/ap-handbook.

Sincerely,

Dr. Rich Koenig
Interim Dean, CAHNRS

cc:    CAHNRS Employee File
        HRS Personnel File
        HRS Employment Services

## Exhibit #9 – Letter of appeal   (Page 1 of 2)

To:    Dr. Elizabeth Chilton
       Provost and Executive Vice President
       Washington State University
       Pullman, WA   99164

From:  Nels Christianson
       1725 18th Ave SE
       Olympia, WA   98501

Date:  November 16, 2021

Re:    Termination appeal


Dr. Chilton,

As per the notice sent to me from Dr. Koenig dated November 3, 2021, this letter is an appeal to my termination of employment from Washington State University.

I notified WSU of my federal legal exemption as per Title VII of the Equal Rights Act of 1964. I explained why my beliefs conflict with WSU's policy regarding "vaccinations".   A more embellished version is stated here:

> *My belief that the Almighty Creator imbues me with the sole responsibility for my health contains within it the understanding that the Almighty Creator also created my body with an awesome, phenomenal, fantastically complex, immune system to help keep me healthy.  Maintaining that immune system is paramount in my responsibility and is therefore an integral part of the relationship between myself and the Almighty Creator.*

> *Demanding that I be injected with experimental substances that potentially damage my health (especially my immune system) would be a violation of my responsibility to maintain my health.  It is also a violation by intervening in my relationship – removing my agency – to the Almighty Creator.*

WSU's denial claimed that my strongly held religious beliefs do not prevent me from being vaccinated.  Then, as now, I disagree.  When requested, I offered an explanation but WSU obviously did not understand it.

Further, the Civil Rights Act is clear that, whether or not you understand my beliefs, the employer's duty is to engage in dialogue about accommodation.  Rather than having a dialogue regarding accommodations, WSU ignored their obligation altogether by stating in Dr Koenig's Termination notice of November 3, 2021,  "*...because you failed to establish that your religious belief conflicted with the vaccination requirement; for this reason, accommodations were not considered.*"   Again, WSU misinterprets my religious beliefs and attempts to use that misinterpretation to absolve WSU of their legal obligation.

In my letter of October 21, 2021, I informed Dr. Koenig that accommodating my religious beliefs is not an undue hardship for WSU.  I referenced WSU's Phil Weiler, Vice President for Marketing and Communications, who is quoted in the Seattle Times

Christianson v WSU                         EXHIBITS                         Page 12  of  21

Exhibit #9 – Letter of appeal    (Page 2 of 2)

(Sunday Ocotber 17, 2021) saying that for someone with my work environment making accomodations would be relatively easy.

Being a computer analyst and programmer, my work environment is typically a small office often with the door closed and rarely do other people enter. So nothing different needs to be done – there is no undue hardship -- to make accommodation.

Further, WSU has made accommodations for others within the Energy Program. I know that those who have been granted accommodations within the Energy Program have more people-to-people interaction than I do. Why accommodate them and not me?

I also know that I am older than the others. Was my age a factor in WSU's decision to terminate my employment?

Given that:

      1) WSU continues to (mis)interpret my religious beliefs,
      2) WSU failed to enter into dialogue about accommodations,
      3) WSU has already made accommodation for others within the Energy Program but not me, and
      4) considering that the others for whom they have made accomodation were younger in age than myself,

I can only conclude that WSU is discriminating against my religion, my age, or both.

If WSU has not been discriminating against me then this appeal is your opportunity to correct the error by reinstating my employment status.

If you choose to uphold the termination rather than correct the error, then I am prepared to file a formal complaint with the Washington State Equal Rights Commission and initiate other legal proceedings.

As per the termination notice, I request a written response from you within 30 working days of this notice.

With respect,


Nels Christianson

**Exhibit #10 – Appeal Denied    (Page 1 of 1)**



WASHINGTON STATE UNIVERSITY
**Office of the Provost**

**ELECTRONIC COMMUNICATION**

December 16, 2021

Nels Christianson
1725 18th Ave SE
Olympia, WA 98501

**SUBJECT:    Appeal of Termination**

Dear Mr. Christianson:

I am responding to your appeal of the November 3, 2021, notice of termination you received from Richard Koenig, Interim Dean, College of Agricultural, Human, and Natural Resource Sciences. After reviewing and carefully considering the written materials you submitted, as well as the circumstances leading to the notice of termination, I am denying your appeal.

I make this decision after careful review and consideration of your appeal, which includes the basis for your request for an exemption from the COVID-19 vaccination requirement mandated by Governor's Proclamation 21-14.1. However, I am upholding your termination on the following grounds.

Per the Governor's Proclamation 21-14.1, all state employees, including those in higher education, were required to be fully vaccinated against COVID-19 by October 18, 2021, unless they had an approved medical or religious accommodation. You requested an exemption/accommodation on religious grounds, which the University denied on October 18, 2021, thereby rendering you in violation of the Proclamation and ineligible for continuing employment at Washington State University. On October 18, 2021, the University issued you written notice of its intent to terminate your employment for just cause in accordance with the Proclamation and the requirements under the WSU Administrative Professional Handbook.

Upon review, it is clear that the University followed its process, including a blind review of your request. The committee's initial review is "blind" and based solely on information provided by the employee. The information you submitted on October 4, 2021, and October 7, 2021, was not sufficient to grant an exemption. Based on the information submitted, I am upholding the University's decision.

After careful consideration, I have determined that WSU followed all processes and policies in determining that you do not qualify for a religious exemption. Because you are unable to fulfill the essential functions of your position, and cannot comply with Proclamation 21.14, I concur with Dean Koenig's decision to terminate you from your position, effective on November 3, 2021.

Sincerely,

*Et Chilton*

Elizabeth S. Chilton
Provost and Executive Vice President
Chancellor-designate, WSU Pullman
Professor, Department of Anthropology

Cc:    Richard Koenig, Interim Dean, College of Agricultural, Human, and
           Natural Resource Sciences
         HRS Personnel File

Christianson v WSU                    EXHIBITS                    Page 14  of  21

**Exhibit #11 – Demand Letter.    (Page 1 of 4)**

[Note: This document has been abridged to show only the first 4 pages of this statement of grievance and demand against WSU as submitted. For brevity's sake, it does not include several pages of legal argument. Those pages can be provided upon request. ]

Postal Certified Registered Receipt # _____

TO:    Theresa Elliot-Cheslek
       Vice President and Chief Human Resource Officer
       Washington State University
       PO Box 641014
       Pullman, WA, 99164-1014

FROM:   Nels Christianson
        1725 18th Ave SE
        Olympia, WA, 98501

DATE:   March 31, 2022

SUBJECT:   Civil rights violations and demand for compensation.

To whom it may concern,

This letter is meant to provide Washington State University (WSU) with advance constructive and legal notice in lieu of filing a lawsuit of my claims and demand that I receive three (3) years severance pay based upon the fact that WSU wrongfully terminated my employment which resulted in the loss of salary before my planned retirement.

I claim that WSU violated my rights on three accounts: (1) unlawful termination of my employment for exercising my right to refuse an experimental medical intervention, (2) blatant religious discrimination, and (3) age discrimination. Each claim is detailed below along with the calculation of compensation.

Please note that I did NOT voluntarily quit my employment with WSU by declining WSU's unlawful requirement that I be vaccinated. Further, WSU's requirement that I provide "proof of vaccination" or a "vaccine passport" or "show you my papers" constitutes an illegal, warrantless search, and is a violation of my rights to privacy pursuant to the Fourth Amendment of the United States Constitution, and the "without authority of law" clause as codified at article 1, section 7 of the Washington State Constitution.

**Claim of Wrongful Termination**
WSU wrongfully terminated my employment for refusing to be vaccinated which is not required by law. WSU's unlawful demand that I be "vaccinated" violates my right to refuse unwanted medical treatment under the "Informed Consent Doctrine" as codified at RCW 7.70.050; RCW 7.70.030; RCW 7.70.040, and it violates my rights to refuse to be vaccinated specifically granted by the (EUA) Emergency Use Authorization Statute itself.
"21 U.S.C. § 360bbb–3 (e)(1)(A)(ii)(III);   FDCA § 564(e)(1)(A)(ii)(III);

<Page 1 of 27>

**Exhibit #11 – Demand Letter    (Page 2 of 4)**

Riggins v. Nevada, 504 U.S. 127, 112 S.Ct. 1810, 118 L. Ed.2d 479 (1992);
Ingraham v. Wright, 430 U.S. 651, 673, 97 S. Ct. 1401, 1413, 51 L. Ed.2d 711 (1977);
Cruzan v. Director, Missouri Department of Health, 497 U.S. 261, 278, 110 S.Ct. 2841, 111 L. Ed.2d 224 (1990);
Washington v. Glucksberg, 521 U.S. 702, 720 (1997);
White v. Napolean, 897 F.2d 103 (1990);
Benson v. Terhune, 304 F3d 874 (2002);
Washington v. Harper, 494 U.S. 210, 229, 110 S. Ct. 1028, 108 L. Ed.2d 178 (1990).

Further, WSU's unlawful mandate that I be "vaccinated" violates my rights to the "due process of law" clauses under the Fourteenth Amendment of the United States Constitution, and article 1, sections 3 and 8 of the Washington Constitution.

I have the legal right to refuse to be vaccinated and the legal right to keep my medical status private. These rights cannot be infringed with various threats or coercion such as the loss of a job. Yet WSU terminated my employment for exercising those rights.

This is wrongful termination.

**Claim of Religious Discrimination**
In August, 2021, Washington State University issued a campus-wide proclamation that all faculty, staff, and students must show proof of vaccination. The vaccine mandate could be waived for religious or medical reasons. Ostensibly, this regulation was instigated by the Washington State Governor's mandate 21-14.1. (Refer to the subjoined section below as to the legality of the governor's mandate and WSU's policy.)

On October 14, 2021, I notified WSU that my strongly held religious beliefs conflicted with WSU's vaccination policy.  In response to my notice, WSU's Dr. Koenig asked for a clarification about my religious beliefs. He asked how my beliefs preclude getting a vaccination. I responded to Dr. Koenig's query and explained the conflict.

On November 3, 2021, Dr. Koenig sent me a notice of termination. In that notice he stated that I had "failed to establish that [my] religious beliefs conflicted with the vaccination requirement...". Therefore, making accommodation for my beliefs wasn't considered.

I appealed Dr. Koenig's decision to WSU's Chancellor, Dr. Chilton. She denied my appeal and upheld Dr. Koenig's decision.

> *Title VII of the Civil Rights Act (1964)  (j) The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.*

I concede that I may not be able to adequately express my strongly held beliefs in a manner that is

<Page 2 of  27>

**Exhibit #11 – Demand Letter     (Page 3 of 4)**

easily understood by others.  What I do know is that my religious beliefs conflict with the policies imposed by the state governor and the university president.

Title VII of the Civil Rights Act (1964) does not task the employer with interpreting nor understanding an employee's religious beliefs.  Nor does Title VII empower the employer to "grant an exemption" or not.  The law says only that an employer demonstrate a reasonable effort to accommodate those beliefs.

After mis-interpreting my religion, and contrary to the legal obligation of an employer, neither Dr. Koenig nor Dr. Chilton, made any effort whatsoever to accommodate.  Indeed, Dr. Koenig conceded that any such efforts toward accommodation "were not considered."

As to whether accommodation would be an "undue hardship", I refer to Phil Weiler, WSU's Vice President for Marketing and Communications.  In a Seattle Times front page article (Sunday October 17, 2021) he discusses how WSU assesses religious accommodation.  He states:

> *"Lets say you are an accountant and you have your own office, with a door that closes, and you don't interact with the public or even coworkers on a regular basis.  You could argue that individual could continue to do his or her job with the door closed, and wearing a mask whenever coming into contact with people.  And you could probably make accommodation to allow them to continue to work unvaccinated."*

I explained to Dr. Koenig and Dr. Chilton that, as a computer analyst-programmer, my normal work environment is my own small office with a door that is often closed for long periods.  I may go several days at a time without having any other person entering my office at all.  There are no special accommodations necessary on WSU's part because the long-standing, existing work environment already provides public safety and allows me to continue my work.  Accommodation for my beliefs would not pose "undue hardship" to WSU.

I note that there are other people working with WSU's Energy Program who notified WSU of religious conflicts with the university's mandate and for whom WSU has made accommodation.  I also know that at least some of those employees have more people-to-people contact than I do.  WSU made accommodation for them but not for me.

This is religious discrimination.


<u>**Claim of Age Discrimination**</u>
My termination of employment is the result of age discrimination by WSU.  As noted above, there are other people in my workplace for whom WSU has made religious accommodations.  I note that – of all the ones I am aware of – I am older.  I am at retirement age, the others are not.  Why are the younger people granted accommodation and I am not?

This is age discrimination.


<Page 3 of  27>

**Exhibit #11 – Demand Letter   (Page 4 of 4)**

<u>Compensation Demand</u>
Typical compensation for wrongful termination is one year full pay plus legal fees.  However, WSU has violated my civil rights on three accounts. Namely:  the right to refuse the "vaccination" under the Emergency Use Authorization statute,  the right to be free from religious discrimination in the workplace, and the right to be free from age discrimination in the workplace.

I have worked off and on with this same organization of people since 1984.  Originally, it was the Washington State Energy Office.  In 1995, that agency transitioned to WSU to become WSU's Energy Program.  Currently, WSU's Energy Program has the legislated responsibility to manage a solar incentive program as spelled out in the Engrossed Substitute Senate Bill 5939.  I was the data manager for that multi-year project.  The program is scheduled to terminate in 2025 at which time I was planning to retire.

WSU's wrongful termination has precluded my ability to earn the salary for those remaining years and, at my age, it would be ridiculous to apply for similar employment elsewhere for such short duration.

I demand the appropriate compensation of three (3) years severance pay at a fully loaded salary rate plus legal fees.

The calculation is shown as follows:

Fully loaded salary is $7261.48 per month.

$7261.48 * 12 months * 3 years = $261413.28

plus, if a lawsuit ensues, legal expenses,
plus, if a lawsuit ensues, any other and further relief as the court may deem reasonable and just under the circumstances.

I respectfully request that WSU provide a written response within 15 days of receiving this document if WSU wishes to avoid civil litigation.

Sincerely,

Nels Christianson

<Page 4 of 27>

**Exhibit #12 – Compensation Demand Rejected     (Page 1 of 1)**



WASHINGTON STATE UNIVERSITY
**Human Resource Services**

April 28, 2022                                                                Regular Mail

Nels Christianson
1725 18th Ave SE
Olympia, WA 98501


Dear Nels Christianson,

Washington State University (WSU) Human Resources Services is in receipt of your April 8,
2022, letter.  WSU declines your demand for compensation as WSU did not discriminate against
you as alleged.  Rather, you were dismissed as a result of WSU implementing the requirements
of Governor Inslee's Proclamation 21-14.1 as mandated.


Sincerely,

Washington State University
Human Resource Services



CC:    HRS Employment Services

**Exhibit #13 – EEOC   Charge Filed      (Page 1 of 1)**

## WASHINGTON STATE HUMAN RIGHTS COMMISSION
### COMPLAINT

**Complainant:** Christianson, Nels

**Respondent:**  Washington State University
PO Box 641046
Pullman, WA 99164

I charge the above-named Respondent with an unfair practice and/or aiding and abetting in the commission of an unfair practice as defined by the Washington State Law Against Discrimination Chapter 49.60 RCW.  This complaint arises from discrimination in employment based on age and creed.

**The following is a summary of my complaint:**

1. I am 67 years old. I am a person with a sincerely held religious belief which requires accommodation. Respondent has 20 or more employees. Respondent hired me in 1995 as an Application Analyst/Application developer.

2. In August 2021, Respondent mandated that all employees receive a COVID-19 vaccine. I have a sincerely held religious belief that precludes me from receiving the vaccine. I requested a reasonable accommodation and exemption from the vaccine requirement based on my sincerely held religious belief. Respondent requested additional information regarding my sincerely held religious belief, which I provided.

3. On October 14, 2021, Respondent denied my accommodation request because it found that the vaccine did not conflict with my sincerely held religious belief, which I deny. Two similarly situated younger employees received accommodations. On November 3, 2021, Respondent terminated my employment for not complying with its vaccine policy.

4. Therefore, I believe that Respondent discriminated against me based on creed when it denied my request for a reasonable accommodation that would allow me to practice my faith and instead terminated my employment. Further, I believe that Respondent discriminated against me based on age when it denied my request for accommodation but accommodated similarly situated younger employees.

**I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.**

_Nels Christianson_                    26 FEB 22
**Complainant's Signature**                    **Date**

**I allege violation of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964 and request that this complaint be dually filed with the U.S. Equal Employment Opportunity Commission.**

                    **This Box for Commission Use Only**

| | |
|---|---|
| HRC Case # : | |
| EEOC Case #: | |
| Date Filed: | Received by: |

mailed to
WAHR C
on 26 FEB 22

**Exhibit #14 – EEOC Right to Sue    (Page 1 of 1)**





**STATE OF WASHINGTON**

## HUMAN RIGHTS COMMISSION

711 South Capitol Way, Suite 402 • PO Box 42490 • Olympia, WA 98504-2490
360-753-6770 • 1-800-233-3247 • (Fax) 360-586-2282
www.hum.wa.gov

### NOTICE OF COMMISSION ACTION

**COMPLAINANT**
Nels M Christianson
1725 18th Ave SE
Olympia, WA  98501

**RESPONDENT**
Washington State University
PO Box 641046
Pullman, WA  99164

**Case Number:**   38EAC-0400-21-2         **Date Filed:**   December 15, 2021
**EEOC Number:**   38G-2022-00079

**DATE AND MAILING OF THIS NOTICE:**        MAY 2 7 2022

**COMMISSION ACTION:   WITHDRAWAL; RIGHT TO SUE**

Final Commission action has been taken on the above referenced complaint. A copy of the finding is attached. The Commission has the authority to reconsider its final decision if specific conditions are met. Please carefully read and follow the instructions on the attached sheet if you wish to request a reconsideration of this finding.

Additionally, Complaints co-filed under the Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), or the American with Disabilities Act (ADA) are enforced by the Equal Employment Opportunity Commission (EEOC). The EEOC generally will adopt the findings of the Human Rights Commission; however, the Complainant has the option of requesting a review of the action. Upon receipt of the attached letter, the Complainant has 15 days to make a written request for a review to: Kristine Jensen Nube, State and Local Program Manager, EEOC, Oakland, Local Office, 1301 Clay Street, Suite 1170-N, Oakland, CA 94612.

Sincerely,

Deborah Gonzales
Deborah Gonzales
Commission Clerk